134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Wayne ARNETT, Defendant-Appellant.
 No. 97-30066.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Jan. 7, 1998.
Decided Jan. 30, 1998.
 
 Before: ALDISERT**, PREGERSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Timothy Wayne Arnett appeals the judgment of the district court against him after a jury found him guilty of armed bank robbery and use of a short-barreled shotgun during a crime of violence. Arnett does not appeal the robbery conviction, only his conviction and sentencing on the firearm charge.
 
 
 3
 The parties are familiar with the procedural history, the facts and the issues raised on appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Mr. Arnett makes a host of arguments, and we will address each one in turn.
 
 
 4
 First, the district court did not err by denying Arnett's motion to suppress evidence of his stop, arrest and subsequent confession. The Medford police reasonably stopped Arnett because he fit the general description of the robbery suspect and he was in the vicinity of the bank. When asked, Arnett told the police he was carrying a shotgun--the weapon used in the robbery--thus forming probable cause for his arrest. After he was read his Miranda rights, Arnett made an equivocal request for counsel and the interrogating officers thereafter limited their questioning to Arnett's desire to have counsel present. United States v. Fouche, 776 F.2d 1398, 1404-1405, (9th Cir.1985). From Arnett's subsequent statement, "an attorney would have told me not to talk to you, but I want to," reiteration that he wanted to make a statement and his following two-hour confession, it is evident that he voluntarily waived his right to counsel. The district court correctly denied Arnett's motion.
 
 
 5
 Second, Arnett argues the district court abused its discretion by admitting "prior crimes or acts" evidence. The prosecution introduced Arnett's statements that he did "scope out or case a couple of local banks," and that he "wanted to rob the bank unfortunately, you can't really drive by 'em without ... looking at'em, you know, in a different way ... it's hard to explain." These statements are not evidence of prior crimes or acts, however, so the issue is moot. United States v. Arias-Villanueva, 998 F.2d 1491, 1502 (9th Cir.1993). Furthermore, the district court did not err by admitting evidence of Arnett's preparation for the crime because, notwithstanding Arnett's decision not to dispute that he committed the robbery, the government still had the burden to prove its case. This evidence was inextricably intertwined with the charged acts.
 
 
 6
 Third, the district court committed no error by allowing Arnett to proceed at trial pro se. The court on two occasions made a searching inquiry into Arnett's desire and ability to represent himself, it warned him about the dangers of self-representation and Arnett clearly stated that he understood but wanted to represent himself anyway.
 
 
 7
 Fourth, the district court correctly denied Arnett's motions for a new trial and to disclose information about Joe Vorisek, an expert witness for the government who testified that Arnett's weapon fit the statutory definition of a firearm. There was no Brady v. Maryland, 373 U.S. 83 (1963), violation because the government timely disclosed that Vorisek had once been the subject of a federal investigation and because that investigation--which had ended before Vorisek was contacted in relation with this case--was not material to this case. For the same reason, the district court did not err by prohibiting Arnett from cross-examining Vorisek about the investigation: It was not relevant. See Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986).
 
 
 8
 Fifth, the evidence was sufficient to support the jury's finding that Arnett's weapon fit the statutory definition of firearm and was not an "antique," an exception to the statute if the weapon was manufactured before 1899. 18 U.S.C. §§ 921(a)(3), (16). Two government witnesses testified that the weapon could not have been an antique. The district court properly denied Arnett's motion for a judgment of acquittal.
 
 
 9
 Sixth, the district court did not abuse its discretion when it sentenced Arnett under 18 U.S.C. § 924(c)(1) for using a short-barreled shotgun. The evidence showed, and the jury specially found, that Arnett had sawed off his shotgun's shoulder stock, thus meeting § 924(c)(1)'s length requirement. The fact that Arnett altered the shotgun's shoulder stock, as opposed to its barrels alone, is irrelevant under the statute. The statute specifically includes shotguns that are sawed off "whether by alteration, modification, or otherwise"
 
 
 10
 Finally, the district court had jurisdiction over the firearm charge because the government produced undisputed evidence that Arnett had stolen the weapon in California and brought it with him into Oregon to rob the bank. The interstate nexus requirement was thus satisfied.
 
 
 11
 We have considered all arguments advanced by the parties and have concluded that no further discussion is necessary.
 
 
 12
 AFFIRMED.
 
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3